**KELLY, Plaintiff-Appellant, v. KELLY, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3091. Decided November 13, 1945.

A. L. Baker, Alliance, and George Edwards, Youngstown, for plaintiff-appellant.

John L. Russell, Alliance, for defendant-appellee.

## OPINION

By PHILLIPS, J.

Plaintiff appeals on questions of law from a judgment of the court of common pleas sustaining defendant's motion made at the close of plaintiff's case to dismiss his action for divorce from defendant brought on the alleged ground of gross neglect of duty and that on the date of the marriage of

552

the parties "defendant had a former husband living with whom she was legally intermarried."

In his assignment of errors plaintiff claims that the court of common pleas erred in sustaining such motion; that the "decision, ruling and judgment of that court is against the manifest weight of the evidence"; that "the decision and judgment of the court was given for the defendant when it should have been given for the plaintiff"; and that there are "other errors appearing on the face of the record".

There is uncontradicted evidence that defendant was married to Elmer F. Petrie on the nineteenth day of October, 1926, at Washington, Pennsylvania, and to plaintiff on November 23, 1927, at Youngstown, Ohio.

While defendant testified when called for cross-examination by plaintiff that she "'went to a squire that is who I went to * * * he gave me the papers and there was a seal on it and I paid the money" the undisputed evidence is that she had been divorced from Petrie in Washington, Pennsylvania, prior to the time she married plaintiff. Whether legally so this court cannot say from the meager evidence submitted to it for review, which it is believed was insufficient to sustain plaintiff's allegation of defendant's gross neglect of duty, and upon which the trial judge was warranted in finding that the proof of defendant's alleged bigamous marriage to plaintiff was not sustained by the required degree of proof.

Plaintiff has not called our attention to "other errors appearing on the face of the record". We will not search the record to discover the existence, if any, of such errors.

The judgment of the court of common pleas is affirmed.

NICHOLS, P. J., and CARTER, J., concur in judgment.